UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-330 (JNE)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TIMOTHY RYAN GREGG,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Timothy Gregg, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1). The defendant fully understands the nature and elements of the crime with which he has been charged.

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1



The defendant knowingly transported a visual depiction in interstate commerce by any means including a computer. The production of that visual depiction involved the use of a minor, Victim 1, engaging in sexually explicit conduct. The visual depiction was in fact of Victim 1 engaging in sexually explicit conduct with the defendant. At the time the defendant transmitted the visual depiction, the defendant knew that Victim 1 was a minor and knew that the visual depiction was of Victim 1 engaging in sexually explicit conduct.

More specifically, on May 29, 2025, Victim 1's father discovered multiple sexually explicit images and videos on his child's cell phone. The videos depicted Victim 1 and the defendant engaging in sexual activity. Victim 1's father reported the conduct to law enforcement. Upon searching the phone, law enforcement discovered multiple instances of the defendant sending sexually explicit images and videos to Victim 1. The text messages began in early 2025 and continued through May 2025.

At the time he sent the text messages, the defendant was a Special Agent with Homeland Security Investigations based in Minnesota. The defendant served as a Task Force Officer with the Federal Bureau of Investigation. However, the defendant was not acting in the scope of his employment during any of their interactions.

The defendant met Victim 1 on the dating app Tinder. Victim 1 listed her age on her profile as 19 and initially told the defendant she was 19 years old. But at the time of the videos, Victim 1 was under the age of 18.

After exchanging messages, some of which were sexually explicit in nature, the defendant eventually met up with Victim 1 in person. The defendant picked up Victim

1 on multiple occasions, mostly on Sundays. The defendant picked up Victim 1 in his car and drove her to a local hotel, where they had sex. The defendant took Victim 1 to the same hotel on multiple occasions, including March 2, 9, 16, and 30, April 6, 20, and 27, and May 18 and 25. The defendant later sent photographs and videos to Victim 1 that depicted the defendant engaging in sexual acts with Victim 1.

On March 31, 2025—after having met Victim 1 several times—the defendant used a law enforcement database to search for information about Victim 1. Among the information provided as a result of the search was Victim 1's birthday in October 2007. The defendant met up with Victim 1 several times after that and sent her numerous text messages containing sexually explicit material.

After the defendant's conduct came to light, federal law enforcement obtained a complaint and attempted to conduct a ruse to take the defendant into custody. As part of the ruse, FBI personnel called the defendant on his government-issued cell phone and instructed him to come to the FBI Minneapolis field office. The defendant was on his way, but ultimately did not enter the FBI field office. In a second attempt, law enforcement officers at Homeland Security Investigations called the defendant on his government-issued phone and requested that he come to the HSI field office in St. Paul. But the defendant did not enter the HSI field office.

After the defendant failed to come into the FBI or HSI field offices, FBI negotiators reached out to the defendant. The defendant became aware of the attempt to arrest him, began to suffer from a mental health crisis, and spent several hours driving around while knowing that law enforcement wanted him to peacefully

surrender and that there was a warrant for his arrest. The defendant was eventually safely taken into custody when he peacefully turned himself in.

3. **Waiver of Indictment.** The defendant waives the right to be charged by Indictment. The defendant agrees to sign a written waiver of this right at the change-of-plea hearing.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public

and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

7. **Statutory Penalties**. The defendant understands that Count 1 of the Information, charging Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1) is a felony offense that carries the following statutory penalties:

    a. a mandatory minimum of 5 years in prison;

    b. a maximum of 20 years in prison;

    c. a supervised release term up to a maximum supervised release term of 3 years;

    d. a maximum fine of $250,000;

      e.      restitution to victims as agreed to by the parties in this agreement and any mandatory restitution as provided for in this agreement;

      f.      a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

      g.      additional special assessments pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(3), of up to $35,000 for trafficking in child pornography.

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

      a.      <u>Base Offense Level</u>. The parties agree that the base offense level is 22. U.S.S.G. § 2G2.2(a)(2).

      b.      <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 7 levels because the offense involved distribution to a minor that was intended to persuade the minor to engage in prohibited sexual conduct. U.S.S.G. § 2G2.2(b)(3)(E). The parties agree that the offense level should be increased by 5 levels because the offense involved a pattern of activity involving the sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2(b)(5). The parties agree that the offense level should be increased by 2 levels because the offense involved the use of a computer or an interactive computer service for the transmission of the material. U.S.S.G. § 2G2.2(b)(6). The parties agree that the offense level should be increased by 2 levels because the offense involved at least 10 images, but fewer than 150 images. U.S.S.G. § 2G2.2(b)(7)(A). The parties agree that no other specific offense characteristics apply.

c. <u>Chapter 3 Adjustments</u>.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion.  However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I.  U.S.S.G. § 4A1.1.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

   f. <u>Guidelines Range</u>. If the adjusted offense level is 35, and the criminal history category is I, the Sentencing Guidelines range is **168-210 months of imprisonment**.

   g. <u>Fine Range</u>. If the adjusted offense level is 35, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c).

   h. <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is 1 year to 3 years. U.S.S.G. § 5D1.2.

9. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw

from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11.     **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12.     **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

Where a defendant pleads guilty to a child pornography offense, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A(a)(3), requires the payment of additional assessments of up to $35,000 for trafficking in child pornography.

The defendant agrees to pay an additional special assessment pursuant to the AVVA in the amount of $35,000 as the defendant is pleading guilty to a child pornography offense and the defendant agrees that the assessment is supported by the factors set forth in 18 U.S.C. § 3553(a) and § 3572.

13.     **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victims Restitution Act),

apply and that the Court is required to order the defendant to make restitution to the victim of the defendant's conviction for Count 1 of the Information for the full amount of victim's losses. Here, the defendant agrees to pay restitution in the amount of $1,000 to Victim 1.

The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning

the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15. **Forfeiture.**

The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense[s]; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense[s] or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

1. an Apple iPhone 14 Pro, Model: A2650

2. a Gateway Laptop, serial number 9040327526 with accompanying SD cards; and

3. Miscellaneous Sex Toys seized from the defendant on or about June 10, 2025.

The defendant agrees that these items are subject to forfeiture because they were used or intended to be used to commit or promote the commission of Count 1 of the Information. The United States reserves the right to seek forfeiture of substitute

11

assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

**16.  Sex Offender Registration.**  The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq*.

17.  **Waivers of Appeal and Collateral Attack**.  The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence,

any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 210 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 168 months' imprisonment.

18. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case

under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

19. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Date: October 30, 2025

BY: Harry M. Jacobs
Assistant United States Attorney

Date: 10/30/25

Timothy Ryan Gregg
Defendant

Date: 10/30/25

Ryan Pacyga
Counsel for Defendant

15